**KOLLER LAW LLC**
David M. Koller, Esq. (037082002)
Jordan D. Santo, Esq. (152892015)       *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GUY CAMPAGNA,** | : | **Civil Action No.** |
| **6 Brae Court** | : | |
| **Turnersville, NJ 08012** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **WASHINTON TOWNSHIP PUBLIC** | : | |
| **SCHOOLS,** | : | |
| **206 E Holly Avenue** | : | |
| **Sewell, NJ 08080** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Guy Campagna (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Washington Township Public Schools (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA") and the New Jersey Law Against Discrimination ("LAD"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Washington Township Public Schools is a public school district of Washington Township with a headquarters located 206 E Holly Avenue, Sewell,

NJ 08080.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original

jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADEA and the NJLAD.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

14. The Complaint was assigned a Charge Number of 530-2021-02603 and was dual filed with the New Jersey Division on Civil Rights ("NJDCR").

15. The EEOC issued Plaintiff a Finding of Probable Cause ("Finding") relative to the Charge and that Notice is dated May 3, 2022. Plaintiff received the notice by mail.

16. However, the conciliation as directed by the EEOC failed.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on December 2, 1969.

21. In September 2006, Defendant hired Plaintiff as an Elementary Physical Education Teacher.

22. Plaintiff was well qualified for his position and performed well.

23. In or around September 2020, Plaintiff applied for the available Health and Physical Education Teacher at Bunker Hill Middle School.

24. On September 25, 2020, Plaintiff attended the virtual interview for the Physical Education Teacher at Bunker Hill Middle School.

25. During the interview, Michael D'Ostillio (40's), Principal, stated to Plaintiff, "I know you're a veteran in the district."

26. Plaintiff believed this comment was in direct reference to his age.

27. Otherwise, the interview went well.

28. On September 30, 2020, Mr. D'Ostilio called Plaintiff to inform him that he did not get the position and did not make it to the second interview.

29. At the beginning of the call, Mr. D'Ostilio praised Plaintiff's work performance and informed Plaintiff that he knew that Plaintiff was a "fabulous educator".

30. Mr. D'Ostilio proceeded to inform Plaintiff that he called three (3) novice teachers to the second interview because he was "interested in grooming them" and to work with them to "craft the culture that I've been working on here."

31. He continued that he wanted to train the teacher in the way that he wanted to and to "start from scratch" with them.

32. Plaintiff inquired what Mr. D'Ostilio meant by "grooming" the teacher.

33. He responded that he wanted the teacher to "understand the concept of what it means to be a Bull Dog (Bunker Hill Middle School's school mascot."

34. Plaintiff proceeded to complain that Mr. D'Ostilio's reasoning for not hiring him was age discrimination.

35. In addition, Plaintiff recorded the phone conversation with Mr. D'Ostilio.

36. Defendant proceeded to hire Kevin Hillard (30's) for the Health and Physical Education Teacher position.

37. In addition, Mr. Hillard became the Bunker Hill Middle School Basketball team coach.

38. Plaintiff has more experience and is more qualified than Mr. Hillard, but was denied the position due to his age.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. Plaintiff was born on December 2, 1969.

41. Plaintiff was qualified to perform the job.

42. Defendant treated younger employees more favorably than Plaintiff.

43. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

44. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

45. Defendant refused to select Plaintiff based on his age.

46. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – AGE DISCRIMINATION
## <u>NEW JERSEY LAW AGAINST DISCRIMINATION</u>

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff was born on December 2, 1969.

49. Plaintiff was qualified to perform the job.

50. Defendant treated younger employees more favorably than Plaintiff.

51. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

52. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

53. Defendant refused to select Plaintiff based on his age.

54. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, Guy Campagna, requests that the Court grant him the following relief against Defendant:

    (a)    Compensatory damages;

    (b)    Punitive damages;

    (c)    Liquidated damages;

    (d)    Emotional pain and suffering;

    (e)    Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and LAD.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: August 31, 2022          **By:**  */s/ David M. Koller*
                                       David M. Koller, Esquire (320573)
                                       Jordan D. Santo, Esquire (152892015)
                                       2043 Locust Street, Suite 1B
                                       Philadelphia, PA 19103
                                       215-545-8917
                                       davidk@kollerlawfirm.com
                                       jordans@kollerlawfirm.com

                                       *Counsel for Plaintiff*